Filed 3/6/13  P. v. Jones CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E054080 |
| v. | (Super.Ct.No. FMB900072) |
| DAVID WAYNE JONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  J. David Mazurek, Judge.  Affirmed in part, reversed in part with directions.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant, David Wayne Jones, is serving 60 years to life (four consecutive 15-years-to-life terms) for sexually abusing five little girls.  Defendant argues that one of

1

these 15-years-to-life terms, count six, was not eligible for "One Strike" sentencing at the time he committed the crime and so he should be resentenced. As discussed below, the People concede, and this court agrees, that defendant should be resentenced.

STATEMENT OF PROCEDURE

On April 11, 2011, a jury convicted defendant of three counts of committing a lewd act upon a child under age 14 (counts one, four and five; victims S.L., R.F & K.F; Pen. Code, § 288, subd. (a));[1] sexual penetration of a child under age 10 (count two; victim S.L; § 288.7, subd. (b)); battery (count three; victim S.K.; § 242)); continuous sexual abuse of a child under age 14 (count six; victim J.B.; § 288.5, subd. (a)); and possessing child pornography (count seven; § 311.11, subd. (a)). The jury found true allegations that defendant had substantial sexual conduct (§ 1203.66, subd. (a)(8)) with S.L. in counts one and two, and with J.B. in count six, and that he committed sex offenses against more than one victim under the One Strike law (§ 667.61, subd. (e)(4)).

On June 1, 2011, the trial court sentenced defendant under the One Strike Law and section 288.7 to four consecutive terms of 15 years to life for counts two, four, five and six. The court stayed defendant's 15-years-to-life sentence for count one and imposed a concurrent term of six months for count three and a concurrent term of two years for count seven. This appeal followed.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

**DISCUSSION**

Section 667.61, the One Strike law, requires a sentence of 15 years to life for any person convicted of specified sexual offenses that are listed in subdivision (c), under specified aggravating circumstances that are listed in subdivision (e). The qualifying offenses listed in the current version of section 667.61 include violations of section 288, subdivision (a) (committing a lewd act upon a child under age 14) and section 288.5, subdivision (a) (continuous sexual abuse of a child under age 14). (§ 667.61, subd. (c)(8), (9)). The aggravating circumstances listed in subdivision (e) include the defendant being convicted of committing a qualifying offense against more than one victim. (§667.61, subd. (e)(5).)

Here, the jury found true the aggravating circumstance that defendant had committed qualifying offenses against more than one victim. Accordingly, the trial court sentenced defendant to three consecutive one strike terms of 15 years to life for counts four, five and six, plus an additional consecutive term of 15 years to life for violating section 288.7, subdivision (b), in count two.

Count six is continuous sexual abuse of a child, section 288.5, subdivision (a). In 2002, when defendant committed this offense, it was not listed in section 667.61, subdivision (c), as one of the offenses for which he could be sentenced under the One Strike law. At that time, the sentencing range for a conviction under section 288.5, subdivision (a), was 6, 12 or 16 years in prison (Former Pen. Code, § 288.5, subd. (a)). The Legislature added it to the list of offenses subject to one strike sentencing (§ 667.61,

3

subd. (c)(9)) in an amendment that became effective on September 20, 2006.  (Stats. 2006, ch. 337, § 33, pp. 2163-2164.)

The federal and California Constitutions prohibit ex post facto laws.  (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9; *People v. Delgado* (2006) 140 Cal.App.4th 1157, 1163.)  Any law that applies to events occurring before its enactment and which disadvantages the offender either by altering the definition of criminal conduct or increasing the punishment for the crime is prohibited as ex post facto.  (*Delgado,* at p. 1164.)

Because sentencing under the 2006 amendment to section 667.61 increased the punishment imposed on defendant to a term of 15 years to life instead of a maximum term of 16 years, the law disadvantaged defendant.  Thus, application of section 667.61 to count six in this case violated the ex post facto clause of both the California and United States Constitutions.

**DISPOSITION**

The judgment of conviction is affirmed but defendant's sentence is vacated and remanded for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.


We concur:

McKINSTER _____
J.

4

<u>KING</u>

J.